```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT

JOHN RISHAR,                    :
                                :
         Plaintiff,             :
                                :
     v.                         :    Case No. 1:14-cv-81-jgm
                                :
UNITED STATES GOVERNMENT,       :
et al.,                         :
                                :
         Defendants.            :
```

                            OPINION AND ORDER
                                 (Doc. 1)

*Pro se* plaintiff John Rishar moves to proceed *in forma paurperis* against approximately four hundred Defendants, including the United States Government, state and federal government agencies, state and federal judges, state and municipal police authorities, state and federal prisons, private corporations, health care providers and institutions, and dozens of other individuals and entities. (Doc. 1-2 at 1-6.)  Rishar brings his claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2671 *et seq*. (Federal Tort Claims Act), and under state law. (Doc. 1-2 at 3.)  Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED.  However, for the reasons set forth below, this case is DISMISSED.

Factual Background

Rishar's 68-page proposed Complaint alleges that starting in June of 1999, Defendant CIA conspired with Defendants FBI, Secret Service, US Army, and US Air Force to institute an "Interference Program" against him.  (Doc. 1-2 at 9-10.)  These actions were conducted by the "Ground and Satellite Divisions" of the United States and Canada through "Transpondering Division/Satellite Division."  Id. At 9. Rishar is a former attorney who was admitted to practice law in the State of Michigan.

He alleges that many of the Defendants, in conspiracy with the CIA, produced or sold water, food, beverages, or medications contaminated with cyanide or other chemical agents.  Other Defendants would then cause Rishar to ingest the contaminated food or beverage, (including soft drinks, juices, bottled water, cereals, and take-out or fast food meals,) or medication (Prozac, Ativan, Risperdol, Seroquel, Abilify, Geodon, and Invega.) Consuming these items allegedly caused Rishar to experience heart attacks, neurological symptoms, breathing problems, digestive symptoms, pain, and other extreme side effects.  He alleges the contaminated items were intentionally "popped" in retaliation. See e.g., id at 12 ("The Middletown Water Department popped the water").  Defendant Michigan State Police refused to investigate his claims.  Id. at 38.

Rishar alleges that he was incarcerated at the Dauphin County Prison in Pennsylvania where he was "popped by bug juice, milk[,] and all the food and water." Id. at 22.  Upon his release, he alleges that he fled to Canada and was detained in Toronto by Canadian Immigration, where he was "severely tortured by both Canada's and USA's Transpondering/Satellite Divisions. . . ." Id. at 24.

Rishar also alleges that he received mental health treatment at several facilities where he was "popped" or otherwise mistreated.  He alleges that Defendant Mayview State Hospital, for example, "committed [interference] and medical malpractice by slandering [him] and libeling [him] in their charts." Id. at 37.  He claims that "[a]ll the allegations of psychosis [are] unfounded and a complete coverup lie to keep me from making millions of dollars, because of the baby bee boopers game." Id.

Rishar asserts claims against Defendants Judge Judy, Judge Kleinfelter, Judge Clark, and Judge Cherry (all Pennsylvania state court judges) for failing to properly advise him of his rights or to rule in his favor in several state court matters. Id. at 50-51. He alleges Defendant Chief Judge Reiss of the District of Vermont improperly dismissed a previous lawsuit brought against Defendant Rutland Regional Medical Center. Id. at 61.  Defendant Judge Rosen of the Eastern District of Michigan improperly barred him from practicing law before that court. Id.

Defendant Judge Duggan, also of the Eastern District of Michigan, improperly failed to enter a preliminary injunction to protect him against the secret police.  Id. at 62.

Rishar seeks unspecified damages "in excess of the jurisdictional limitation."  Id. at 67.

## Discussion

*Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, a district court may dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (complaint is factually frivolous where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (internal citation and quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly

incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The Supreme Court has recognized that frivolousness embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

Here, Rishar alleges a broad conspiracy involving hundreds of Defendants, some of whom he claims attempted to harm and control him using satellites and transponders or who have planted poisonous chemical agents in his food. The court finds Rishar's allegations are frivolous and lack any plausible factual support. On August 28, 2013, Chief Judge Christina Reiss issued an order dismissing a different Complaint brought by Rishar alleging many of the same facts against many of the same Defendants named here. See Rishar v. Rutland Reg'l Med. Ctr., No. 5:13-cv-214, slip op. at 4 (D.Vt. Aug. 28, 2013).

Some of the Defendants named in the proposed Complaint, including the United States Government, the Commonwealth of Pennsylvania, the State of Michigan, the State of Ohio, the Commonwealth of Massachusetts, the State of New York, the State of New Jersey, and the Commonwealth of Virginia are all immune from suit under the doctrine of sovereign immunity. See United States v. Mitchell, 463 U.S. 206, 212 (1983) (United States may not be sued without its consent) and Edelman v. Jordan, 415 U.S. 651, 663 (1974) (Eleventh Amendment sovereign immunity bars suits

against states by its own citizens or citizens of another state); see also Rishar v. United States Government, No. 1:14-cv-00032, slip op. at 2 (D.Vt. March 10, 2014) (dismissing all claims against the United States Government, Pennsylvania, Michigan, Ohio, Massachusetts, New York, New Jersey, Virginia, and Vermont).

Furthermore, all of the judges named in this matter are entitled to absolute immunity because Rishar's claims against them are related to the exercise of their judicial functions. See Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity applies even when the judge is accused of acting maliciously or corruptly.  Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).  Judicial immunity also applies "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). Judicial immunity does not apply only where the alleged conduct is non-judicial in nature or where the defendant took judicial action "in complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12.  Rishar does not allege facts that would sustain either exception here. Therefore, Defendants Judge Judy, Judge Kleinfelter, Judge Clark, Judge Cherry, Judge Smith, Judge Rosen,

Judge Reiss, Judge Duggan, and Judge King are immune from suit with respect to Rishar's claims.

For all of these reasons, the Court concludes that Rishar's proposed Complaint is frivolous, fails to state a claim on which relief can be granted, and seeks monetary relief against defendants who are immune from such relief.  Accordingly, the proposed Complaint is DISMISSED.  28 U.S.C. § 1915(e)(2)(B).

District courts generally should not dismiss a *pro se* complaint without granting leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, the court finds that granting leave to amend the proposed Complaint would be futile. See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.  Such a futile request to replead should be denied.")

## CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Rishar's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED. Any request for preliminary injunctive relief is DENIED as moot.  The Court hereby certifies that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of May, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
U.S. District Judge